IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JORGE ALVARO GONZALEZ-MOLINA, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. 5:21-CV-236-M-BQ |
| MARTIN FRIEND, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Jorge Alvaro Gonzalez-Molina, appearing pro se, filed this petition for writ of habeas corpus under 28 U.S.C. § 2241 on October 12, 2021.[1] Pursuant to Special Order No. 3-251, this case was referred to the undersigned United States Magistrate Judge. The magistrate judge makes the following findings of fact, conclusions of law, and recommendation under 28 U.S.C. § 636(b)(1).

### I.   Procedural History

On October 22, 2021, the Court notified Gonzalez-Molina of its intent to recharacterize the petition as a civil-rights complaint. ECF No. 4. The Court instructed Gonzalez-Molina that he must file his objections to the recharacterization, if any, within thirty days of that order. *Id.* The Court further instructed Gonzalez-Molina that if he did not object, he should (1) file a complete amended complaint on the proper form, and (2) either pay the $402.00 filing fee or file an application to proceed *in forma pauperis* with a certificate of his inmate trust account within thirty

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (providing that a prisoner's habeas petition is deemed filed when he delivers the papers to prison authorities for mailing).

days. *Id.* The Court admonished Gonzalez-Molina that his failure to comply with the Deficiency Order could result in the dismissal of his case for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure. Gonzalez-Molina did not respond to the October 22 order; however, on October 25, 2021, the Court received a payment of $5.00—the amount of the habeas filing fee.

As a result, the Court entered a Deficiency Show Cause Order on December 17, 2021, requiring Gonzalez-Molina to either: (1) object to the recharacterization or (2) file an amended civil-rights complaint and pay the balance of the filing fee or submit an application to proceed *in forma pauperis*, *and* (3) show cause why this civil action should not be dismissed for want of prosecution. ECF No. 5. The order required Gonzalez-Molina to take these actions within fourteen days of the date of the order—i.e., by December 31, 2021. *Id.* The Court admonished Gonzalez-Molina for a second time that his failure to respond would result in the dismissal of the civil action for want of prosecution. Gonzalez-Molina did not respond to the December 17 order and the time to do so has passed.

## II. Involuntary Dismissal

A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. at 630).

The Court has explained to Gonzalez-Molina why his claims, as originally pleaded, cannot proceed under the habeas statute. ECF No. 4. But Gonzalez-Molina has not agreed to the

recharacterization of his claims as a civil-rights complaint, nor has he provided necessary information for the assessment of the filing fee under the Prison Litigation Reform Act. Because Gonzalez-Molina has failed to comply with the Court's orders, this case cannot proceed.

### III.  Recommendation

The undersigned recommends that this case be dismissed without prejudice for want of prosecution in accordance with Federal Rule of Civil Procedure 41(b) due to Gonzalez-Molina's failure to respond to the October 22 and December 17 orders. *See Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (holding that dismissal of pro se complaint for want of prosecution was not an abuse of discretion where the court repeatedly warned plaintiff that his failure to comply with a court order might result in dismissal and gave plaintiff adequate time to comply); *see also Sheppard v. Tex. Ct. of Crim. Appeals*, 577 F. App'x 298, 299 (5th Cir. 2014) (finding no abuse of discretion where a district court dismissed a habeas petition for failure to comply with a court order after the court gave the petitioner "a chance to restyle his suit as a civil rights action," and warned him that failure to comply could result in dismissal).

### IV.  Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file

specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: January 31, 2022.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE